IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RODNEY G. SHEPARD, SR.,<br><br>                  Plaintiff<br><br>      VS.<br><br>CLARKE COUNTY POLICE DEPT.,<br>Chief of Police JOSEPH LUMPKIN,<br>Detective JEFF CLARK,<br>Captain HOLEMAN, Sheriff IRA EDWARDS,<br>Sgt. JOHNSON, Editor JASON WINDER,<br>Writer JOE JOHNSON,<br>Publisher JEFFERY A. WILSON, and<br>Editorial Editor JAN THOMPSON,<br><br>                  Defendants | NO. 3:08-CV-7 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Plaintiff **RODNEY G. SHEPARD**, who is currently incarcerated at the Athens-Clarke County Jail in Athens, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). By separate Order entered simultaneously, plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## I. TWO MOTIONS TO AMEND COMPLAINT

Plaintiff filed his first motion to amend complaint on January 23, 2008. (R. at 9). In this motion he makes the same allegations regarding Sergeant Johnson that he made in his original complaint. Specifically, he again alleges that Sergeant Johnson beat him and forced him "to sleep on a cold steel bed." Because this allegation is already in the original complaint, there is no need for a restatement of the same claim.

Additionally, in this first motion to amend, plaintiff asserts new allegations against several new defendants based on claims that are wholly different from the claims that gave rise to his initial complaint. Namely, plaintiff wants to amend his complaint to show that unknown officers of the Athens Police Department[1] violated his rights when they made a warrantless entry into his apartment, searched the apartment, and arrested him. He also makes unrelated allegations regarding his exposure to a communicable disease and an alleged lack of medical care. Finally, he throws in an allegation of lack of access to the courts.

The same can be said for the second motion to amend that plaintiff filed on January 28, 2008. (R. at 10). In this second motion, he seeks to add at least nine additional defendants[2] and makes new allegations ranging from threats and attacks with a taser to unanswered grievances.

In essence, with these two motions to amend plaintiff is seeking to file at least two entirely different lawsuits from the one he initiated in his original complaint. This is not appropriate and will not be allowed. Plaintiff's two motions to amend his complaint are, therefore, **DENIED** without prejudice to the right of plaintiff to file new lawsuits against these defendants.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

---

[1] There is no way for the Court to properly serve "unknown defendants" or John Doe defendants. Therefore, these are not proper defendants to any action.

[2] These defendants include "unknown policy makers" and John Doe Jail Commander. As explained above, unknown defendants and John Does are not proper parties to a lawsuit.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that the "Clark County Police Department and officers told the Athens Banner Herald writer Joe Johnson false statements" about him. Plaintiff explains that the newspaper reported that he committed a murder. According to plaintiff, Detective Jeff Clark stated that he confessed to this murder and Captain Holeman told the paper that he was present during the murder and that "plaintiff was a suspect from the start." Plaintiff alleges this violated his constitutional rights.

A 42 U.S.C. § 1983 action cannot be predicated upon the theory of either slander or defamation. ***Hall v. Neal***, No. 5:04-CV-65-Oc-10GRJ, 2006 U.S. Dist. LEXIS 9525 (M.D. Fla. February 23, 2006); ***Foreman v. Jones***, No. 3:05-CV-1134-F, 2005 U.S. Dist. LEXIS 39933 (E. D. Ala. December 20, 2005). Accordingly, the Undersigned **RECOMMENDS** that this claim be **DISMISSED** from this action. Moreover, this is the only claim in which Captain Holeman is mentioned ; therefore, the Undersigned **RECOMMENDS** that he be **DISMISSED** from the action as well.

In addition, those named as defendants who are employed by the Athens Banner Herald Newspapers clearly are not state actors. "A successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law." ***Harvey v Harvey***, 949 F.2d 1127, 1130 (11th Cir. 1992). Because editor Jason Winder, writer Joe Johnson, publisher Jeffery A. Wilson, and editorial editor Jan Thompson are not state actors, the Undersigned **RECOMMENDS** that they be **DISMISSED** from this action.

Plaintiff also names the Clarke County Police Department as a defendant. However, sheriff's departments and police departments are not legal entities subject to suit. ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the undersigned **RECOMMENDS** that the Clarke County Police Department be **DISMISSED** from this action.

**Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to the foregoing RECOMMENDATIONS with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.**

Finally, the Court cannot find that the claim (knowingly giving false statements in order to obtain an arrest warrant) against Detective Jeff Clarke and Police Chief Joseph Lumpkin is wholly frivolous at this point. Additionally, plaintiff's claim that Sergeant Johnson, with the knowledge of Sheriff Ira Edwards, beat plaintiff and afterwards forced him to sleep on a steel mattress is not frivolous. Therefore, these claims should go forward against **DETECTIVE JEFF CLARKE, POLICE CHIEF JOSEPH LUMPKIN, SERGEANT JOHNSON,** and **SHERIFF IRA EDWARDS.**

In light of the foregoing, IT IS ORDERED AND DIRECTED that service be made as provided by law upon the defendants **DETECTIVE JEFF CLARKE, POLICE CHIEF JOSEPH LUMPKIN, SERGEANT JOHNSON,** and **SHERIFF IRA EDWARDS**; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞                               **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

☞                 **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 29th day of January, 2008.

/s/ Claude W. Hicks, Jr.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.