IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RODNEY G. SHEPARD,

                Plaintiff

VS.

IRA EDWARDS, *et al.*,

                Defendants

NO. 3:08-CV-7 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

**O R D E R**

    Plaintiff Rodney G. Shepard has filed a motion to compel defendant Ira Edwards, the sheriff of the facility in which the plaintiff is incarcerated, to return a number of legal documents that the plaintiff alleges were taken by employees at the detention center. Tab #32. Shepard's motion states that one guard ordered him to go to the yard with his paperwork, and that once he got to the yard, a different guard confiscated the paperwork, stating that it was against jail policy for an inmate to have paper and a pen in that area.

    In their response, the defendants do not contest that a deputy took the plaintiff's paperwork, but they do state that anything that was taken was immediately returned to the plaintiff's cell. Tab #46. The defendants further point out that the plaintiff has never provided information as to the exact nature of the documents. The plaintiff's reply does not provide any new argument but does state that the documents he seeks were affidavits of fellow inmates. Tab #61.

    The court is mindful of the obstacles a prisoner faces when litigating a case, but is also aware of the complexities of running a safe detention center. Regardless of the reason plaintiff Shepard had any contraband, he was in possession of materials that he should not have had in the yard. The prison officials were therefore well within their rights to confiscate any such property. However, the property — particularly legal documents — should have been returned within a reasonable amount of time.

Therefore, if defendant Edwards or any jail official remains in control of any of the plaintiff's legal material, they are ORDERED to return it to the plaintiff immediately. If such material has been lost, however, there is nothing more this court can do at this time. If plaintiff Shepard feels that his constitutional rights have been violated, he is — of course — free to file a <u>separate</u> lawsuit including such allegations. Further proceedings on this matter with respect to this case, however, would be imprudent.

Accordingly, the plaintiff's motion to compel is **GRANTED** to the extent set forth above.

Also before the court is the plaintiff's motion asking for an order to compel the officials at the prison in which he is incarcerated to provide legal supplies to him, including a pen and paper. Tab #59. It is noted that on the day he filed the motion to compel his custodian to provide him with supplies, he also filed two other pleadings. It is therefore evident that he has not been denied paper or a writing implement. Accordingly, his motion to provide legal supplies is **DENIED**. It is also noted that because the constitution guarantees that an inmate be afforded an opportunity to litigate, any order of this court compelling his custodian to be permitted to do so is unnecessary and repetitive.

Finally, the plaintiff has filed a motion to amend his motion for summary judgment. Tab #60. Said motion is GRANTED subject to further consideration as to admissibility and relevance.

SO ORDERED this 10th day of JUNE, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE