IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RODNEY G. SHEPARD,<br><br>      Plaintiff<br>  VS.<br><br>REBECCA WILLIAMS, *et al.*,<br><br>      Defendants | NO. 3:08-CV-7 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## O R D E R

  Before the court are three MOTIONS TO COMPEL (Tab #43, Tab #44, Tab #99) filed by plaintiff Rodney G. Shepard. The defendants have responded to each of these motions. Plaintiff's first MOTION TO COMPEL asks the court to compel defendant Lumpkin to produce *every* arrest warrant applied for by defendant Clark while Clark was working as a police officer. In his response, defendant Lumpkin contends that the request for every single warrant he ever applied for during his entire career as a police officer is over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The undersigned agrees. As such, plaintiff's first MOTION TO COMPEL is **DENIED**.

  Regarding plaintiff's second MOTION TO COMPEL, said motion complains about responses given by the defendants to certain interrogatories. First among these complaints involves plaintiff's interrogatory #4 posed to defendant Johnson. The interrogatory seeks the designation of the pod plaintiff was initially placed in as well as the names, current locations, addresses, and phone numbers of *all* the inmates that were in the pod with the plaintiff during his assignment thereto. Defendant Johnson has responded by contending that the plaintiff's request for information about *all* the inmates who where assigned to said pod during plaintiff's incarceration therein is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The undersigned agrees. Moreover, the undersigned notes that, despite the overly broad nature of the foregoing request, the plaintiff has been provided with the designation of the pod and the names of inmates housed with the plaintiff on February 17, 2007 and February 21, 2007.

Next among the complaints contained in the plaintiff second MOTION TO COMPEL is plaintiff's dissatisfaction with defendant Clark's response to interrogatory #10. The interrogatory asks defendant Clark whether he searched plaintiff's apartment on November 18, 2006 and, if so, what was seized? Defendant Clark responded to the interrogatory by stating that investigative reports would be produced from which the information sought in interrogatory #10 could be derived. Having reviewed the investigative reports, all of which have been provided the plaintiff, the information sought in the plaintiff's interrogatory #10 is contained therein. As such, defendant Clark's response to plaintiff's interrogatory #10 is sufficient.

Plaintiff's next complaints involves defendant Clark's responses to plaintiff's interrogatories #11 and #12. These interrogatories ask defendant Clark what evidence he possesses pointing to the plaintiff as the shooter and when did he have enough evidence to conclude that the plaintiff was the shooter, respectively. In responding to the interrogatory, defendant Clark again referred the plaintiff to the aforementioned investigative reports. In addition, in his response to this portion of the instant motion to compel, defendant Clark adds that it is legally irrelevant and immaterial whether the plaintiff was the shooter or was a party to the crime. This, according to defendant Clark, is because the application for the arrest warrant relating to the murder charge does not specify one way or the other whether plaintiff was alleged to be the shooter. The undersigned agrees.

The final complaint contained in plaintiff's second MOTION TO COMPEL involves defendant Edwards response to interrogatory #10. The interrogatory asks defendant Edwards if 1) he has ever been a party to any lawsuit other than the present suit, 2) the style of any such lawsuit, 3) the court in which any such suit was filed, 4) the subject matter of any such suit, 5) the date on which any such suit was filed, and 6) the case number of any such suit. Defendant Edwards objected to the request. Moreover, in his response to the instant motion, Edwards avers that, as a sheriff, he has been party to multiple lawsuits. Defendant Edwards then contends that even if he were to provide a comprehensive response to this interrogatory, little, if any useful information would be revealed with regard to the specific claims directed against him. As such, defendant Edwards concludes that the plaintiff's request is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The undersigned agrees. As such, plaintiff's second MOTION TO COMPEL is also **DENIED**.

Plaintiff Shepard's third and final MOTION TO COMPEL also complains about responses he received to certain interrogatories. Generally, these interrogatories ask defendant Johnson about when, why, and with what frequency he allegedly took the plaintiff's mattress, made plaintiff sleep on a steel mattress, and placed plaintiff on "lock down." In response to the interrogatories, defendant Johnson, in every instance, interposed objections on the basis that the interrogatory questions were over-broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Johnson also objected to the questions on the basis that, at the time the interrogatory questions were served, discovery had long since expired. In his response to the instant motion, in addition to reiterating the aforementioned objections, defendant Johnson noted that the instant motion is deficient in that no Local Rule 37 certificate is included.[1] Since it clear that plaintiff Shepard failed to comply with both Local Rule 37 and the discovery time limits, no opinion on whether the requests were over-broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence is necessary. Accordingly, plaintiff's third MOTION TO COMPEL is also **DENIED**.

SO ORDERED AND DIRECTED, this 21st day of OCTOBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that while the defendants only raised the issue of plaintiff's non-compliance with Local Rule 37 in response to plaintiff Shepard's third MOTION TO COMPEL, there is no indication in the record that plaintiff Shepard ever complied with this rule.