IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RODNEY G. SHEPARD,<br><br>                    Plaintiff<br>     VS.<br><br>SHERIFF IRA EDWARDS, *et al.*,<br><br>                    Defendants | NO. 3:08-CV-7 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## R E C O M M E N D A T I O N

Before the court is a MOTION FOR SUMMARY JUDGMENT filed by defendants Sheriff Ira Edwards and Farrell Johnson. Tab #71. The motion is accompanied by numerous exhibits and affidavits, as well as a supporting brief, and a Statement of Undisputed Material Facts. Tabs #72. On June 18, 2008, two days after the instant motion was originally filed, the undersigned directed the plaintiff to file a response to the motion within thirty days of receipt of that order. Tab #75. The plaintiff has failed to respond to that order and failed to provide any evidence on his behalf in response to the defendants' motion. Nevertheless, before granting an unopposed motion for summary judgment, it is the responsibility of the court to ensure that the summary judgment standard has been met.

### LAW OF SUMMARY JUDGMENT

Under Rule 56 (c), Federal Rules of Civil Procedure, the court is required to grant motions seeking summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The law is clear that summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). The movant's burden is discharged simply by pointing out that there is an absence of evidence to support the non-moving parties' case. Once the movant has met this burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Id. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348 (1986).

While the court must consider the evidence in the light most favorable to the non-moving party, the mere existence of some dispute shall not defeat an otherwise properly supported motion for summary judgment since the non-movant's obligation is to demonstrate a genuine issue of material fact. Thus, if a non-moving party brings forth evidence in support of his position on an issue on which he bears the burden of proof at trial that is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249, 250, 91 L.Ed.2d at 212 (citations omitted). Similarly, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*. 477 U.S. at 252, 91 L.Ed.2d at 214.

## DISCUSSION

Although the court must view all evidence in the light most favorable to the plaintiff, Shepard has failed to provide a legal response to the defendant's motion, a statement of disputed facts, or any evidence to contradict the defendants' assertions. Consequently, the only evidence upon which this court can rely in ruling on the defendants' motion comes from the defendants' exhibits.

The grounds upon which the plaintiff seeks relief against these defendants include allegations that (1) defendant Johnson used excessive force against and "beat" plaintiff , (2) defendant Johnson took away plaintiff's mattress forcing the plaintiff to sleep on a "steel mattress", and (3) defendant Edwards had knowledge of defendant Johnson's acts, failed to do anything about them, and, as such, should be held liable as Johnson's supervisor. The defendants have provided evidence refuting each of the plaintiff's contentions, and that evidence in uncontroverted.

With regard to the plaintiff's first claim, that he was a victim of excessive force at the hands of defendant Johnson, the defendants have provided the affidavit of defendant Officer Johnson. Therein, Johnson states that the only physical contact he has had with plaintiff Shepard was that incidental contact needed to place the plaintiff in handcuffs following an occurrence where plaintiff refused to follow instructions during a morning feeding. Such contact does not amount to a constitutional claim of excessive force.

With regard to plaintiff Shepard's second claim, Johnson's affidavit avers that he never took plaintiff's mattress nor did he force plaintiff to sleep upon a "steel mattress." Johnson's affidavit does, however, note that there was an incident when plaintiff Shepard refused to make his bed and, pursuant to standard operating procedures, his mattress was taken away from him during the day and returned the same evening at "lights out." Such an event does not a constitutional violation make.

With regard to plaintiff Shepard's claim against defendant Edwards, the undersigned notes that defendant Edwards is not alleged to have personally participated in the alleged beating by Sergeant Johnson, nor to have been directly implicated in the alleged violation of plaintiff's rights involving the mattress. Such an allegation, coupled with a showing of an underlying constitutional deprivation, is required to state a supervisory liability claim.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Motion for Summary Judgment filed by defendant Edwards and defendant Johnson be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 31st day of OCTOBER, 2008.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE