IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RODNEY G. SHEPARD,<br><br>       Plaintiff<br>  VS.<br><br>JOSEPH LUMPKIN, *et al.*,<br><br>       Defendants | NO. 3:08-CV-7 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983 |

# O R D E R

Before the court is plaintiff RODNEY G. SHEPARD's MOTION TO REOPEN THE APPELLATE FILING PERIOD. This motion has come before the court via a limited remand from the United States Court of Appeals for the Eleventh Circuit. Tab #132.

BACKGROUND

Following the entry of final judgment (Tab #123) on December 31, 2008, in favor of the defendants, plaintiff RODNEY G. SHEPARD untimely filed a notice of appeal (Tab #125) on February 25, 2009. Therein, plaintiff SHEPARD alleged that, and attempted to explain how, he was prevented from timely filing the notice. Upon its receipt and review of the record, and apparently on the basis of SHEPARD's assertions contained therein, the United States Court of Appeals for the Eleventh Circuit entered an order remanding the case to this court for the limited purpose of determining whether a reopening of the time to file an appeal is merited under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Tab # 132. That is, the Eleventh Circuit interpreted plaintiff SHEPARD's stated rationale for his late filing as a MOTION TO REOPEN THE APPELLATE FILING PERIOD and has asked this court to make a ruling thereon.

## LEGAL STANDARD

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides as follows:

> **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

## DISCUSSION

To support his claim that he was unable to timely file his notice of appeal, plaintiff Shepard asserts that he did not receive notice of this court's judgment within twenty-one (21) days of its entry. In light of this assertion, and pursuant to the request of the Eleventh Circuit, further inquiry by this court into the veracity of plaintiff SHEPARD's claim became necessary. Having now completed this inquiry, the undersigned concludes that a reopening of the time to file an appeal is not merited in this case. This decision is based upon the undersigned's conclusion that the plaintiff's assertion that he did not receive notice of the this court's judgment within twenty-one (21) days of its entry is false. As such, it appears that plaintiff SHEPARD is unable to satisfy the condition set forth in Rule 4(a)(6)(A) as set forth above.

The documentary basis for the foregoing conclusion includes court records, a sworn written declaration of Calhoun State Prison's Administrative Assistant Dedra Edwards, a copy of the prison's legal mail log, and a copy of the front of a postmarked and stamped received envelope addressed to the plaintiff from the court. A review of the court's records reveals that the Judgment at issue was entered on December 31, 2008, and that a copy of the judgment was mailed to the plaintiff on December 31, 2008. The records also show that no other mail was sent by the court to the plaintiff on December 31, 2008, and that no item of mail sent to the plaintiff on December 31, 2008 has yet been returned to the court.

A review of the photocopy of the front of an envelope provided by the prison appears to confirm the above observations gleaned from the court's records. That is, this document shows an image of the front of an official court envelope which is properly addressed to the plaintiff and postmarked December 31, 2008. In addition, the document shows that the envelope was stamped "RECEIVED JAN 05 2009." For these reasons, the court concludes that this document contains an image of the front of the envelope containing the judgment which was promptly mailed by the court on December 31, 2008 and received by the prison on January 5, 2009.

Next, there is the legal mail log from Calhoun State Prison and the sworn declaration of Dedra Edwards. The legal mail log contains an entry wherein it appears that plaintiff SHEPARD signed for a single piece of legal mail. At the top of the log, however, is the date January 5, *2008*. The dating of this document is, however, addressed in the aforementioned declaration. In her declaration, Dedra Edwards avers that the log was incorrectly dated and that the document actually reflects legal mail which was received and signed for by inmates on January 5, 2009. Moreover, and with regard to the log, Edwards specifically states that "what Rodney Shepard signed for on January 5, 2009, was received in the envelope from the United States District Court, Middle District of Georgia, Athens, Georgia, which was postmarked December 31, 2008." In light of this and all of the other evidence, the undersigned accepts that Edward's declaration is accurate.

Accordingly, since it appears that plaintiff SHEPARD has failed to satisfy the requirement set forth in Rule 4(a)(6)(A) of the Federal Rules of Appellate Procedure, his MOTION TO REOPEN THE APPELLATE FILING PERIOD is DENIED.

SO ORDERED AND DIRECTED, this 1st day of JUNE, 2009.



                                                     S/Clay D. Land
                                                     CLAY D. LAND
                                                     UNITED STATES DISTRICT JUDGE